# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LEIGHA LEAVELLE, MARISSA PENTA, and BRENDAN HALL, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CLARK & SCHWENK RESTAURANT GROUP, INC., A Georgia Corporation, JONATHEN TODD SCHWENK, RICHARD HUGO CLARK, JR., and BRANDON KEOKE,<br><br>　　　　Defendants.<br>_____ | CIVIL ACTION FILE NO.<br><br><br>COLLECTIVE ACTION |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COME NOW, LEIGHA LEAVELLE, MARISSA PENTA AND BRENDAN HALL, Individually and for and on behalf of themselves and all others similarly situated, Plaintiffs, and file this Complaint for Damages and Injunctive Relief under the Fair Labor Standards Act and other applicable law, and show as follows:

1. Plaintiffs are former employees of Defendant Clark & Schwenk Restaurant Group, Inc. (hereinafter "C&S"). Plaintiffs seek unpaid minimum wages, overtime premium pay, liquidated damages, costs and attorney's fees, in addition to declaratory and injunctive relief under the Fair Labor Standards Act ("FLSA"), 29 USC § 201 *et seq*.

2. Plaintiffs bring this case on behalf of themselves and on behalf of other similarly situated employees pursuant to 29 USC § 216(b).

## **PLAINTIFFS**

3. Plaintiff Leigha Leavelle formerly worked at the C&S Chowder House, as well as Hugo's restaurant, as a bartender.

4. Plaintiff Marissa Penta formerly worked at the C&S Chowder House location in Roswell, Georgia. Ms. Penta was employed as a server and bartender until she resigned her employment.

5. Plaintiff Brandon Hall formerly worked at C&S Chowder House as a server.

6. Plaintiffs and other similarly situated employees were all subject to intentional practices in violation of the FLSA, including (a) C&S, Schwenk and Clark failed to pay for all hours worked; (b) C&S, Schwenk and Clark illegally took a tip credit against wages earned by employees; (c) C&S, Schwenk and Clark failed to pay overtime premiums; and (d) C&S, Schwenk and Clark threatened, intimidated, and

retaliated against employees who complained about these illegal practices, and those whom Defendants believed intended to participate in this action.

## **DEFENDANTS**

7. Clark & Schwenk Restaurant Group, Inc. (C&S) has a principal place of business at 2799 Lawrenceville Highway, Ste 202, Decatur, GA 30033, located within the Northern District of Georgia. Clark & Schwenk Restaurant Group, Inc. is subject to service upon its registered agent, Errol Dwight Samuels, 2799 Lawrenceville Highway, Ste 202, Decatur, GA 30033.

8. C&S is owned by Defendants Clark and Schwenk. C&S currently operates three restaurants: C&S Chowder House, located in Roswell, Hugo's Oyster Bar, located in Roswell and C&S Seafood and Oyster Bar, located in Vinings.

9. Upon information and belief, all three restaurants are managed similarly, exchange and share employees and resources, and use a single payroll and accounting system.

10. Richard Hugo Clark, Jr. is CEO of C&S. He resides within the Northern District of Georgia and is subject to service at his residence, 315 Morning Dew Circle, Roswell, GA 30075.

11. Jonathen Todd Schwenk is Secretary of C&S. He resides within the Northern District of Georgia and is subject to service at his residence, 4460 Brookhaven Court, Cumming, GA 30040.

12. Upon information and belief, Defendant C&S earned gross revenue of more than $500,000 in the past fiscal year. C&S is an enterprise engaged in commerce for purposes of the FLSA.

13. Schwenk and Clark each exercised control, and had authority to exercise control, over the payroll practices and payment of wages by Defendant C&S. Clark was generally on-site at the C&S Chowder house location, and exercised direct control over its employees.

14. C&S, Schwenk and Clark (hereinafter "Defendants") were each an employer within the meaning of the FLSA at all relevant times.

15. Defendant Brandon Keoke (hereinafter "Defendant Keoke") has been employed at the C&S Chowder House at all relevant times. Defendant Keoke resides within the Northern District of Georgia.

## JURISDICTION AND VENUE

16. Jurisdiction is proper in this Court pursuant to 28 USC § 1331, 28 USC § 1337, 28 USC §1367, and 28 USC § 2201.

17. Venue is proper in this Court under 28 USC § 1391(b). Defendants reside in this district; in addition, the events giving rise to the claims occurred in this district.

## COLLECTIVE ALLEGATIONS

18. Plaintiffs and other similarly situated employees regularly worked overtime hours in excess of 40 hours per week.

19. Defendants failed to pay Plaintiffs and other similarly situated employees overtime compensation at the rate of time and one-half for all hours worked over forty (40) in a week.

20. Plaintiffs and other similarly situated employees were not subject to any overtime exemption or exception under FLSA.

21. Defendants did not inform Plaintiffs and other similarly situated employees at any time that they would be taking a "tip credit" against the minimum wage. Defendants' use of the tip credit deprived Plaintiffs of the minimum wage.

22. At times Defendants instructed Plaintiffs and other similarly situated employees to work "off the clock", which had the effect of depriving these employees of minimum wage and overtime payments.

23. Defendants routinely failed to pay Plaintiffs and other similarly situated employees and other similarly situated employees for hours worked.

24. Defendants underreported hours and underpaid Plaintiffs and other similarly situated employees intentionally.

25. When asked about the practice, a manager told one employee that he reduced everyone's hours because it benefitted the employee to avoid payment of taxes and withholdings on such wages.

26. Upon information and belief, Defendants failed to properly pay Plaintiffs and other similarly situated employees all tips to which they were entitled.

27. Numerous employees complained about Defendants' violations of the FLSA.

28. In some situations, Defendants made partial payments to employees in an effort to discourage further action by the employees. In other situations, Defendants threatened employees and subjected them to retaliation.

29. On or about November 8, 2019, Plaintiff Hall complained to General Manager Patrick Calhoun about these violations of the FLSA after C&S provided a partial payment with no accounting or calculation. Calhoun became angry at Hall and told him to "get the hell out" of the restaurant, resulting in Hall's discharge.

30. At all relevant times, Defendants were aware of each of these illegal practices. Defendants' failure to pay Plaintiffs and other similarly situated employees the proper wages required by law was willful within the meaning of the FLSA.

## COUNT I
## REQUEST FOR INJUNCTIVE RELIEF

31. The allegations set forth in paragraphs 1- 30 above are hereby incorporated by reference as though fully set forth herein.

32. Defendants have threatened termination, have terminated Hall and others, and engaged in other forms of retaliation against Plaintiffs and similarly-situated employees in an effort to prevent their participation in this litigation, and to discourage them from exercising their rights under the FLSA.

33. Employees have been deterred, and will continue to be deterred, from pursuing vindication of their rights under the FLSA due to Defendants' actions.

34.  Defendants' actions have caused Plaintiffs and similarly-situated employees irreparable harm.

35.  Plaintiffs request that the Court enter an order enjoining Defendants from engaging in additional threats and retaliation against current and former employees, and that the Court require communications be provided to all

employees indicating their rights to pursue legitimate FLSA claims, and to be free from reprisal.

## COUNT II
## VIOLATION OF FAIR LABOR STANDARDS ACT: FAILURE TO PAY MINIMUM WAGES

36. The allegations set forth in paragraphs 1- 30 above are hereby incorporated by reference as though fully set forth herein.

37. Defendants required Plaintiffs to work off-the-clock, depriving Plaintiffs of minimum wages.

38. Defendants improperly took a "tip credit" without notice to Plaintiffs, using tips to offset the minimum wage. Use of the tip credit was improper because employees did not receive notice, and because employees did not retain all tips.

39. Plaintiffs and similarly-situated employees are entitled to damages including payment of the minimum wage for all hours worked off-the-clock, as well as the difference between the $2.13 hourly rate actually paid to employees and the $7.25 minimum wage.

40. Plaintiffs and similarly-situated employees are also entitled to liquidated damages, attorney's fees, costs and expenses.

## COUNT III

## VIOLATION OF FAIR LABOR STANDARDS ACT: FAILURE TO PAY OVERTIME

41. The allegations set forth in paragraphs 1- 30 above are hereby incorporated by reference as though fully set forth herein.

42. Defendants failed to pay overtime wages to Plaintiffs and similarly situated employees in violation of the FLSA.

43. Defendants' failure to pay overtime wages was willful within the meaning of the FLSA.

44. Plaintiffs and similarly-situated employees are entitled to payment of overtime wages due, liquidated damages, attorney's fees, costs and expenses.

## COUNT IV

## VIOLATION OF FAIR LABOR STANDARDS ACT: RETALIATION

45. The allegations set forth in paragraphs 1- 30 above are hereby incorporated by reference as though fully set forth herein.

46. Plaintiffs and similarly-situated employees have engaged in protected activity including making complaints and inquiries regarding the Defendants' wage payments and failure to properly account for hours worked.

47. Defendants have retaliated against Plaintiffs and similarly-situated employees for such protected activity.

48. Plaintiffs and similarly-situated employees are entitled to damages resulting from Defendants' retaliation, including payment of reasonable attorneys' fees, costs and expenses under FLSA and under other applicable law.

## COUNT V—DEFAMATION

49. The allegations set forth in paragraphs 1- 30 above are hereby incorporated by reference as though fully set forth herein.

50. After Plaintiff Penta left Defendants' employ, she received an offer of employment subject to a reference check by the prospective employer.

51. In response to an inquiry by the prospective employer, Defendant Keoke made false, malicious and disparaging statements regarding Ms. Penta's employment. Plaintiff has been unable to confirm whether such statements were authorized or directed by other Defendants.

52. Defendant Keoke's statements were defamatory *per se*.

53. Defendant Keoke's statements were the sole factual and proximate cause of the withdrawal of the job offer to Ms. Penta.

54. Plaintiff Penta is entitled to damages from Defendant Keoke and any other Defendants who authorized his actions in an amount to be shown at trial.

WHEREFORE, Plaintiffs request that this Court:

(1) Provide for issuance of summons naming all Defendants herein;

(2) Issue injunctive relief prohibiting Defendants, their agents and employees from taking any action to deter current and former employees from joining this action or otherwise seeking vindication of their rights under the FLSA;

(3) Issue injunctive relief requiring that accurate information be provided to Defendants' current and former employees regarding their rights under the FLSA, including their right to join this action without fear of retaliation;

(4) Provide for preliminary certification of a collective action and notice to potential opt-in Plaintiffs as provided by law;

(5) Declare that Defendants violated the Fair Labor Standards Act;

(6) Declare that Defendants' violations of the FLSA were willful;

(7) Grant judgment to Plaintiffs and all class members for claims for unpaid wages, withheld tips and overtime wages;

(8) Grant judgment to Plaintiffs and all class members for liquidated damages;

(9) Enter an Order enjoining further FLSA violations by Defendants;

(10) Award Plaintiff and all class members costs and reasonable attorney's fees, costs and expenses incurred in bringing this action;

(11) Enter judgment against Defendants on behalf of Plaintiff Penta for damages due to defamation; and

(12) Grant such further relief as the Court finds proper.

Respectfully submitted this 19th day of February, 2020.

/s/ E. Linwood Gunn, IV
E. Linwood Gunn, IV
Georgia State Bar No. 315265
THE GUNN LAW FIRM LLC
244 Roswell Street, Suite 100
Marietta, GA 30060
470.508.0020
elg@atldiscriminationlawyers.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LEIGHA LEAVELLE, MARISSA PENTA, and BRENDAN HALL, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>CLARK & SCHWENK RESTAURANT GROUP, INC., A Georgia Corporation, JONATHEN TODD SCHWENK, RICHARD HUGO CLARK, JR., and BRANDON KEOKE,<br><br>　　　Defendants. | CIVIL ACTION FILE NO.<br><br>COLLECTIVE ACTION |

## CONSENT TO JOIN COLLECTIVE ACTION

I hereby consent to be a Plaintiff in an action under the Fair Labor Standards Act, 29 USC § 201 *et seq.* to secure any unpaid wages, overtime pay, liquidated damages, attorney's fees, costs and other relief arising out of my employment with the CLARK & SCHWENK RESTAURANT GROUP, INC.  I authorize The Gunn

Law Firm LLC and any associated attorneys, successors or assigns to represent me in this action.

_____         _____
Date                                                          Signature

                                                             _____
                                                             Printed Name

# **CERTIFICATION UNDER L.R. 7.1D**

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 19th day of February, 2020.

*/s/ E. Linwood Gunn, IV*
E. Linwood Gunn, IV
Georgia State Bar No. 315265
THE GUNN LAW FIRM LLC
244 Roswell Street, Suite 100
Marietta, GA 30060
470.508.0020
elg@atldiscriminationlawyers.com