IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEIGHA LEAVELLE, MARISSA PENTA, and BRENDAN HALL, Individually And on Behalf of All Others Similarly Situated, <br><br>Plaintiffs <br><br>v. <br><br>CLARK & SCHWENK RESTAURANT GROUP, INC., A Georgia Corporation, JONATHEN TODD SCHWENK, RICHARD HUGO CLARK, JR., And BRANDON KEOKE, <br><br>Defendants | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION FILE NO. 1:20-CV-00769-VMC <br><br><br>COLLECTIVE ACTION |

**<u>JOINT MOTION TO APPROVE FLSA SETTLEMENT</u>**

Plaintiffs Leigha Leavelle, Marissa Penta, and Brendon Hall, and other members of the collective class and Defendants Clark & Schwenk Restaurant Group, Inc., Jonathen Schwenk, and Richard Clark, Jr. request that the Court approve their settlement of this action brought under the Fair Labor Standards Act

29 U.S.C. § 201, *et seq*. The settlement is fair and reasonable because Plaintiffs collectively will receive One Hundred Sixty-Eight Thousand Eight Hundred Sixty-Seven Dollars ($168,867.00) in total damages payable to each of the collective class members in accordance with each member's pro rata share of estimated unpaid wages and liquidated damages. The parties achieved this resolution with the expenditure of attorney time. Under the settlement, Defendants will pay an additional One Hundred Sixteen Thousand One Hundred Thirty-Three Dollars ($116,133.00) for attorney's fees and costs. As a separate payment to the collective class, Defendants will pay the amount of Ten Thousand Five Hundred Dollars ($10,500.00) in additional compensation in exchange for the general release of claims and non-disparagement provisions in this agreement. This total amount will be distributed as an additional Three Hundred Dollars ($300.00) payment to each collective class member with an additional total payment to Plaintiffs' counsel of Four Thousand Two Hundred Dollars ($4,200.00) (i.e. $200 per class member). The settlement agreement is attached to this motion as Exhibit 1.

**1. Procedural Background**

Plaintiffs filed the complaint on February 19, 2020 alleging they were due unpaid minimum wages and unpaid premium pay. Plaintiffs alleged Defendants failed to accurately record employee hours. Plaintiffs further alleged that they were due full statutory minimum wage for all hours worked rather than the

$2.13/hour tipped rate because Defendants failed to properly advise them of the tip credit as required.

Defendants answered on March 22, 2020 responding the Defendants were without knowledge of the overtime discrepancies. Defendants acknowledged the Defendants worked for Defendant "C & S" and were paid in accordance of the employment agreements at time of hire including the policy that no employee would work "off the clock". The parties filed their joint discovery statements and exchanged initial disclosures on June 18, 2021. Shortly thereafter, parties engaged in Discovery and depositions of interested persons. Through formal mediation held on June 7, 2022, the parties reached settlement terms and eventually executed the written settlement agreement that is attached as Exhibit 1.

## 2.  The Settlement Agreement

Unable to reach an agreement through informal negotiations, the parties participated in formal mediation and negotiated the Plaintiffs' recovery and attorney's fees separately. The settlement provides the Defendants jointly and severally agree to pay to Plaintiffs and their attorney the total sum of Two Hundred Ninety-Five Thousand Five Hundred Dollars ($295,500). This amount constitutes a negotiated amount inclusive of Plaintiffs' claims for unpaid wages, overtime premiums, liquidated damages, attorney's fees, and any and all claimed damages in

tort, contract, or otherwise, and are to be divided as follows: (1) One Hundred Sixty-Eight Thousand Eight Hundred Sixty-Seven Dollars ($168,867.00) in total damages payable to each of the collective class members in accordance with each member's pro rata share of estimated unpaid wages and liquidated damages. (2) Under the settlement, Defendants will pay an additional One Hundred Sixteen Thousand One Hundred Thirty-Three Dollars ($116,133.00) for attorney's fees and costs. (3) As a separate payment to the collective class, Defendants will pay the amount of Ten Thousand Five Hundred Dollars ($10,500.00) in additional compensation in exchange for the general release of claims and non-disparagement provisions in this agreement. This total amount will be distributed as an additional Three Hundred Dollars ($300.00) payment to each collective class member with an additional total payment to Plaintiffs' counsel of Four Thousand Two Hundred Dollars ($4,200.00) (i.e. $200 per class member).

The scope of the release is appropriate to the FLSA action. Plaintiffs are releasing only "wage related" claims not all claims that they might have against Defendants. Also the release agreement does not include any provisions offensive to the FLSA, such as a confidentiality provision.

## **LEGAL ARGUMENT AND ANALYSIS**

Under FLSA, there are only two routes for compromise of FLSA claims. "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Alternately, employees' claims may be compromised in a private FLSA action for back wages only after the district court reviews and approves the proposed stipulated judgment or settlement agreement "after scrutinizing the settlement for fairness". *Id.; see also Rakip v. Paradise Awnings Corp.,* 514 F. App'x 917, 919-20 (11th Cir. 2013) ("Lynn's Food does not stand for the proposition that any valid settlement of a FLSA claim must take a particular form. It only means that the district court must take an active role in approving the settlement agreement to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee.").

The parties submit that this settlement is fair and reasonable. This litigation included disputed issues including: (1) the number of hours actually worked by each plaintiff including hours worked "off the clock"; (2) the amount of overtime hours actually worked by each plaintiff; (3) whether Defendants properly advised each plaintiff with regard to the "tip credit" so as to be able to pay the tipped rate of $2.13/hour; (4) whether Defendants made improper deductions from tips

including credit card commissions which otherwise precluded Defendants' use of the tip credit; and (5) whether Defendants were entitled to claim remedial payments made to Plaintiffs as setoffs from damages otherwise owed. While these issues were vigorously disputed in the litigation, this settlement provides for payment to plaintiffs, net of attorney's fees of approximately seventy-five percent (75%) of the maximum unpaid wages (calculated at the higher minimum wage), overtime premiums and liquidated damages which Plaintiffs contend were due, in addition to separate payments to all plaintiffs for general releases and non-disparagement provisions. It does so while keeping the attorney's fees to a relative minimum. Attorney's fees paid under the agreement are significantly less than Plaintiffs' counsel's regular hourly rate, and far less than the amount which would be sought by Plaintiffs' counsel at trial. Plaintiffs' counsel's work on the case was necessary and reasonable for the issues in the case. Because this settlement is reasonable, the parties respectfully request that the Court enter the proposed order submitted herewith approving the settlement.

The undersigned, in accordance with L.R. 7.1 and 5.1©, hereby certify that the type of font used herein is 14-Point Times New Roman font.

Dated: July 14, 2022

| For Plaintiffs: | For Defendants: |
|---|---|
| /S/ *E. Linwood Gunn, IV* | /S/ *Frank W. Hamilton* |
| E. Linwood Gunn, IV | Frank W. Hamilton |
| Georgia Bar No. 315265 | Georgia Bar No. 320701 |
| Attorney for the Plaintiffs | Attorney for the Defendants |
| The Gunn Law Firm, LLC | The Hamilton Law Firm |
| 244 Roswell Street, Suite 100 | 353 Dahlonega Street |
| Marietta, GA 30060 | Cumming, GA 30040 |
| elg@atldiscriminationlawyers.com | frank@hamiltonlegal.com |

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that I have this date electronically filed the foregoing **Joint Motion to Approve FLSA Settlement** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filings to all counsel of record in this case.

July 14, 2022

              __/S/ *Frank W. Hamilton*_____

              Frank W. Hamilton
              Georgia Bar No. 320701
              Attorney for the Defendants
              The Hamilton Law Firm
              353 Dahlonega Street
              Cumming, GA 30040
              frank@hamiltonlegal.com