# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LEIGHA LEAVELLE, MARISSA PENTA, and BRENDAN HALL, individual and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CLARK & SCHWENK RESTAURANT GROUP, INC., a Georgia Corporation, JONATHEN TODD SCHWENK, RICHARD HUGO CLARK, JR., and BRANDON KEOKE,<br><br>    Defendants. | Civil Action No.<br>1:20-cv-00769-VMC |

## ORDER

This matter is before the Court on the Parties' Joint Motion to Approve FLSA Settlement (Doc. 76). For the reasons herein, the Joint Motion is GRANTED.

This case arose from Plaintiffs' allegations that Defendants failed to pay its employees both minimum and overtime wages, and retaliated against employees who complained about possible violations under the Fair Labor Standards Act ("FLSA"). (Doc. 1 ¶ 6). Plaintiffs sought unpaid minimum wages, overtime premium pay, liquidated damages, and attorney's fees. (*Id.*). On July 14, 2022, the Parties advised the Court that a settlement was reached following their participation in formal mediation. Pursuant to *Lynn's Food Stores v. United States*,

F679 F.2d 1350, 1352-52 (11th Cir. 1982), however, the Court is required to review the Parties' settlement agreement.

In conducting this review, the district court must "scrutiniz[e] the settlement for fairness," and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1352-53. A settlement agreed upon in an adversarial context where both sides are represented by counsel throughout the litigation "is more likely to reflect a reasonable compromise of disputed issues." *Id.* The district court may approve the settlement in order to promote the policy of encouraging settlement in litigation. *Id.* at 1354.

Here, the Parties acknowledge that there is a *bona fide* dispute regarding Plaintiffs' claims. Nonetheless, the Parties represent that they were able to reach a settlement agreement with respect to Plaintiffs' "wage related" claims, and Plaintiffs acknowledge that the amounts that are to be paid to them under the settlement agreement fairly compensate them for alleged "wage related" violations, as well as for attorney's fees incurred in connection with their claims. In exchange for these payments, Plaintiffs have agreed to release any and all "wage related" claims, but not all claims they might have against Defendants. The release does not include a confidentiality provision.

The Court has reviewed the settlement agreement executed by the Parties as filed with the Court in the public record, and based on the contents therein and

the representations of the Parties, finds that the compromise reached is a fair and reasonable resolution of the dispute.

Therefore, it is **ORDERED** and **ADJUDGED** that the Parties' Joint Motion to Approve FLSA Settlement is **GRANTED**, and the Court **APPROVES** the settlement agreement between the Parties. The Parties are **DIRECTED** to file a stipulation of dismissal pursuant to Fed. R. Civ. P. 41 as soon as practicable, but no later than sixty (60) days after the entry of this Order.

**SO ORDERED** this 11th day of August, 2022.

_____
Victoria Marie Calvert
United States District Judge